

STATE OF MICHIGAN

SUPREME COURT

GRIEVANCE ADMINISTRATOR
        Petitioner-Appellee,

v                                                     SC: 142729
                                                    ADB: 09-000043-GA

RAYMOND A. MACDONALD
        Respondent-Appellant.

_____

Statement by MARY BETH KELLY, J., Denying Motion for Disqualification
May 13, 2011

        MARY BETH KELLY, J. Appellant contends that I should be disqualified from considering his application for leave, which appeals the Attorney Grievance Commission's (AGC) decision denying his motion for rehearing on its decision to suspend his law license. Appellant posits that my disqualification is necessary because the AGC considered a case I presided over as a then-Wayne County Circuit Court judge in which I sanctioned appellant for frivolous motions. See *MacDonald v Reed*, (Case No. 04-405012-CZ). I disagree that I should be disqualified and I deny his motion.

        Appellant has failed to demonstrate any basis that would justify my recusal. My ruling in the circuit court case does not prevent me from considering appellant's current application in a fair and impartial manner. The circuit court case is separate and distinct from the AGC proceeding and I had no role whatsoever in the AGC proceeding. If appellant's contention that disqualification is warranted merely because the AGC considered that I sanctioned him in a matter then-pending before myself as a circuit court judge, then judicial disqualification motions could become judge–shopping mechanisms for litigants to eliminate duly-elected justices who have previously ruled against the litigant. This is not the law. I do not have any actual bias and my participation would not cause an appearance of impropriety. I deny his motion to disqualify. See MCR 2.003.